UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROLD RAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No: 05 C 6032 |
| | ) |
| CREDIGY RECEIVABLES, INC., | ) Judge John W. Darrah |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Jerold Rawson, brought a two-count class complaint, alleging violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), arising out of the Defendant's threat to sue on a time-barred credit card debt. Currently before the Court is the Defendant's Motion to Dismiss. The parties agree, for purposes of this motion, that the debt allegedly incurred by the Plaintiff was more than five years, but less than ten years, old. The resolution of this Motion to Dismiss turns on the applicable statute of limitations. The Defendant asserts that the Plaintiff's credit card debt is governed by a ten-year statute of limitations. The Plaintiff asserts the applicable statute of limitations is five years and that he thus stated a claim for a violation of FDCPA.

## BACKGROUND

The Plaintiff, Jerold Rawson, resides in Northbrook, Illinois. (Compl., ¶2). The Plaintiff allegedly accrued an unpaid balance on his "Associates" credit card of approximately $8,691.02.[1]

---

[1] The Plaintiff does not concede that he is responsible for this debt.

1

(Compl., Exhibit A). The account was "charged off" in July 2000, and the debt was sold to First Select, Inc. and then to the Defendant. (Compl., Exhibit A). The Defendant is a corporation engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect such debts from the consumers, paying less than five cents on the dollar for the charged-off receivables. (Compl., ¶¶ 3-5). The Defendant is a debt collector as defined in the FDCPA. (Compl., ¶¶ 6-7).

On August 9, 2005, the Defendant sent the Plaintiff a letter and draft complaint threatening suit on the "Associates" credit card account. (Compl., ¶¶ 10-12 and Ex. A). The threatened suit alleged claims for breach of contract and implied contract. (Compl., ¶ 11). The "Associates" account debt was charged off prior to July 25, 2000, more than five years prior to the August 9, 2005 letter. (Compl., ¶¶ 10-12 and Ex. A).

Plaintiff alleges that there is not a written contract within the meaning of the ten-year Illinois statute of limitations because the cardholder agreement is subject to being amended or modified and is not, thus, a "complete" writing within the ambit of 735 ILCS 5/13/206. (Compl., ¶13). Thus, according to the Plaintiff, the ten-year statute of limitations does not apply; and the debt is time-barred after five years under 735 ILCS 5/13/205. (Compl., ¶13).

## LEGAL STANDARD

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be

2

considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994). A plaintiff is not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*Conley*). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## ANALYSIS

Illinois statute provides that actions on written contracts shall be commenced within ten years after the cause of action accrued (735 ILCS 5/13/206). It also provides a shorter, five-year statute of limitations for actions based on an unwritten contract (735 ILCS 5/13/205). Under Illinois law, a contract will be considered to be written only "if all the essential terms of the contract are in writing and are ascertainable from the instrument itself." *Brown v. Goodman*, 147 Ill.App.3d 935 (1st Dist. 1986) (*Brown*). In *Brown*, the court held that a land purchase contract could not be considered "written" for purposes of applying the ten-year statute of limitations because the contract failed to clearly identify the parties.

The Plaintiff's Complaint alleges that there is no written contract. Therefore, with respect to this Motion to Dismiss, this Court's role is limited to determining whether it can be said, as a matter of law, that a written contract exists. Here, the Defendant offers no written contract. Rather, it argues that the issue of the applicable statute of limitations has been decided

by a case which they deem "directly on point," *Harris Trust & Savings Bank v. McCray*, 21 Ill.App.3d 605 (1st Dist. 1974) (*Harris*). In *Harris*, the court rejected the argument that the Uniform Commercial Code's ("UCC") four-year limitations period (applicable to contracts for the sale of goods) applied to a credit card debt and, instead, held that the credit card debt "was governed by the 10-year limitations applicable to written contracts, including promises to pay money." *Id.*

The Plaintiff contends that the *Harris* court specifically limited its ruling by stating: "[t]he only question presented in this appeal is whether a credit card issuer may commence an action based upon the holder's failure to pay for the purchase of goods more than 4 years after the issuer's cause of action accrued." 21 Ill.App.3d at 606. The Plaintiff contends that because neither party argued whether the credit card agreement was a "contract in writing," as required by 735 ILCS 5/13-206, *Harris* is not precedent for whether the particular agreement before the *Harris* court was governed by the five- or ten-year statute or limitations (sections §13-206 and §13-205, respectively).

The Plaintiff's Complaint alleges that the Defendant did not have a written contract to enforce. The Defendant failed to submit a written contract to support their motion to dismiss. Accepting as true the Plaintiff's allegation that no valid written contract exists between the Plaintiff and the Defendant, this Court cannot find "beyond a doubt that the [P]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The Defendant's motion is denied. In *Weniger v. Arrow Financial Services LLC*, No. 03-C-6213, 2004 WL 2609192, *4 (N.D. Ill. Nov. 17, 2004), Judge Lefkow denied a motion to

dismiss an underlying complaint that alleged violations of the FDCPA by attempting to collect a time-barred credit card debt where no written contract was attached to the Defendant's motion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for failure to state a claim is denied.

Dated: February 16, 2006

JOHN W. DARRAH
United States District Court Judge

5